

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0035-18

**FREDDY GARCIA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.**

### <u>CONCURRING OPINION</u>

As it did two years ago in *Owings v. State*, 541 S.W.3d 144, 150 (Tex. Crim. App. 2017), the Court today holds that the trial court's error in failing to grant Appellant's request to force the State to elect which particular act of sexual assault it would rely upon to prove the charge against him was harmless. In so holding, the Court once again employs the standard for determining whether trial error is harmful contained in Rule 44.2(a) of the Rules of Appellate Procedure. TEX. R. APP. P. 44.2(a). This is the rule that governs errors of

constitutional dimension, which mirrors the standard the United States Supreme Court has mandated for errors of federal constitutional dimension, in *Chapman v. California*, 386 U.S. 18 (1967). For reasons that I developed in my concurring opinion in *Owings*, I remain dubious, at best, that this constitutes the appropriate harm standard for election error. *See Owings*, 541 S.W.3d at 154–56 (Yeary, J., concurring) (arguing that election error neither definitively implicates the constitutional right to a unanimous jury verdict nor bedrock due process notice requirements).

But what was true of *Owings* is also true in this case: It does not ultimately matter which standard for harm is applicable, since the Court deems the error harmless even under the constitutional standard. If we can say beyond a reasonable doubt, as the Court does today, that the error did not contribute to Appellant's conviction, then we can also say that it could not in any way have affected his "substantial rights" for purposes of the non-constitutional standard in Rule 44.2(b). TEX. R. APP. P. 44.2(b). Because, as in *Owings*, it does not matter which harm standard we employ, this case, like *Owings*, is not the best one for resolving that question, and we should not.

With these remarks, I concur in the result.

FILED:          November 20, 2019
PUBLISH